COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-279-CR

 

 

TERRY ADAMS                                                                   APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 297TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant
Terry Adams appeals his conviction by a jury for possession of a controlled substance.  He was indicted and convicted as a habitual
offender following past convictions of two felony offenses.  He asserts that the trial court erred by
sustaining an objection to his closing argument and that the evidence is
factually insufficient to support the verdict. 
We find no error and that the evidence sufficiently supports the verdict
and affirm the trial court=s
judgment.

On the
night of March 4, 2008, Fort Worth police officers Carlos Cespedes and Scott
Christensen saw a car, occupied by two men, parked near a known narcotics
location.  As the car pulled away from
the curb, the driver of the vehicle failed to use his turn signal or to wear
his seatbelt.  When the officers saw the
two traffic violations, they turned on the police car=s
overhead emergency lights indicating that the car should pull over.  However, the driver of the car refused to
immediately pull the car over, and the officers followed the car until it
stopped in a little over one block.  The
officers also turned their spotlights on the car.

While
the officers were following the car, they saw the passenger in the car toss a
gray cloth bag out of his window and into the street.  The officers could see inside of the car and
saw the passenger=s hand come out of the window.

Cespedes,
the officer driving the police car, let Christensen out of the car in order to
pick up the gray cloth bag because the officers did not know when or if the car
they were following would stop. 
Christensen quickly found the gray bag that had been thrown out of the
window.  The bag contained 1.07 grams of
crack cocaine.  The officers arrested the
passenger, Appellant.








Appellant=s first
issue concerns whether the trial court erred in sustaining the State=s
objection to the defense=s final argument on the merits
of the case.  It is helpful to review the
sequence of the trial proceedings concerning this claim.  The argument concerned whether Kenneth Coval,
the driver of the automobile in which Appellant was riding at the time in
question, 1) was subpoenaed to testify, and 2) appeared for trial.  The argument in this regard proceeded as follows:

[DEFENSE COUNSEL]:   . . . . 
And they=re going to sit there,
and they=re going to say Brian
subpoenaed him.  I did.  Why do you think he didn=t show up?

 

[PROSECUTOR]:  Objection, Your Honor.  It=s outside the record.

 

THE COURT:       Same instruction, ladies and gentlemen.

 

[DEFENSE COUNSEL]:   Think about that for a minute.  There=s a court order out there, and he=s not here.

 

[PROSECUTOR]:  Your Honor, State would object.  That=s outside the record.  Counsel never admitted any kind of court
order or even asked the Judge to take judicial notice of that.

 

[DEFENSE COUNSEL]:   I put on the record, Judge, that he was under
subpoena.

 

THE COURT:       You will be guided by the testimony as
you remember it.  What the lawyers say is
not evidence.

 








[PROSECUTOR]:  The State=s objection is that Counsel merely commented on
the record and failed to use evidence on that point.

 

THE COURT:       I=ll sustain that objection.

 

Neither
side suggests that the court was requested to or actually did take judicial
notice.  Appellant argues that the court Aeffectively
took judicial notice@ that Coval was subpoenaed and
failed to appear.  Of course, the court
may take judicial notice whether requested to or not.  Tex. R. Evid. 201(c).  And, it shall take judicial notice if
requested by a party and provided the necessary information.  Tex. R. Evid. 201(d).

We decline
to conclude that the court Aeffectively
took judicial notice.@ 
First, the sustaining of the State=s
objection to the argument based on a lack of evidentiary support indicates that
no judicial notice was taken because had it been taken, the objection likely
would have been overruled.  Second, had
the court taken judicial notice, it would have been required to instruct the
jury that it could, but was not required to, accept as conclusive any fact
judicially noticed.  Tex. R. Evid.
201(g).  No such instruction was given.

We
resolve this issue against Appellant.








We now
turn to whether the evidence was factually sufficient to support the
verdict.  When reviewing the factual
sufficiency of the evidence to support a conviction, we view all the evidence
in a neutral light, favoring neither party. 
Steadman v. State, 280 S.W.3d 242, 246 (Tex. Crim. App. 2009);
Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006).  We then ask whether the evidence supporting
the conviction, although legally sufficient, is nevertheless so weak that the
factfinder=s determination is clearly wrong
and manifestly unjust or whether conflicting evidence so greatly outweighs the
evidence supporting the conviction that the factfinder=s
determination is manifestly unjust.  Steadman, 280 S.W.3d at 246; Watson,
204 S.W.3d at 414B15, 417.  The evidence shows that on the night of the
offense, both officers involved saw Appellant throw a cloth bag out the
window.  Then they stopped and picked up
the bag which contained what was proved to be crack cocaine.

Appellant
maintains that Cespedes testified that it was Aa
possibility@ that when he saw Appellant=s hand
move out the car window, he might have been reaching for his seat belt.  Christensen also acknowledges that
possibility.

Appellant
also argues that Christensen did not rule out the fact that there was a
possibility that the entire episode was caught on video from the police vehicle.  He did testify, however, that had the
incident been videotaped, the tape would have been mentioned in the offense
report and entered into evidence.








Each of
the officers gave clear and direct testimony about what they saw.  Other than possibilities, there is no
significant evidence that supports Appellant=s
complaint on appeal.

We
conclude that the conviction is supported by factually sufficient evidence and
that the jury=s determination is not clearly
wrong or manifestly unjust.  We resolve
this issue against Appellant.

Finding
no error, we affirm the trial court=s
judgment.

 

 

CHARLES BLEIL

JUSTICE

 

PANEL:  LIVINGSTON, C.J.; MEIER,
J.; and CHARLES BLEIL (Senior Justice, Retired, Sitting by Assignment).

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  July 29, 2010











[1]See Tex. R. App. P. 47.4.